1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONNELL BLEDSOE,                         No.  2:19-cv-02553-TLN-CKD PS

12                    Plaintiff,

13        v.                                   ORDER AND

14   JUDGE GUILIANI, et al.,                   FINDINGS AND RECOMMENDATIONS

15                    Defendants.              (ECF No. 2)

16

17   I.     Plaintiff's Application to Proceed in Forma Pauperis is Granted

18          Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to

19   28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by

20   Local Rule 302(c)(21).

21          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable

22   to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma

23   pauperis is granted.  28 U.S.C. § 1915(a).

24          The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

25   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

26   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

27   § 1915(e)(2).

28   ///

                                                 1

II.    Recommendation That Plaintiff's Claims Against All Four Defendants be Dismissed Without Leave to Amend

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff names four defendants in his complaint: San Joaquin County Superior Court Judges Guiliani and Ronald Northup, District Attorney Stacey Derman, and San Joaquin County Public Defender Christina Martinez. Plaintiff's complaint alleges that Judge Guiliani was biased against him (ECF No. 1 at 3), Judge Northup is liable as a supervisor (ECF No. 1 at 2), that District Attorney Stacey Derman "bribed [plaintiff] into taking a strike in exchange for the alternative work program" (ECF No. 1 at 2), and that Public Defender Christina Martinez violated his constitutional rights (ECF No. 1 at 1.) Plaintiff further asserts he is entitled to diplomatic immunity and that he is immune from prosecution. (ECF No 1 at 2.) Plaintiff attaches several exhibits to his complaint related to grievances filed in jail. (See ECF No. 1 at 11-16.)

Plaintiff's claims against all four defendants are vague and conclusory, but even viewing the allegations in the light most favorable to plaintiff these four defendants are immune from suit and should therefore be dismissed without leave to amend.

Regarding plaintiff's allegations against Judge Guiliani and Judge Northup, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . . Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199–200 (1985)). A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 12–13 (1991) ("If judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority'" (quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978))). Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly outside of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of jurisdiction . . . or performs an act that is not judicial in nature.").

Based on plaintiff's complaint and the documents attached to it, it appears plaintiff seeks monetary relief from both state court judges for actions taken within their jurisdiction—handling a family court matter and criminal matter both involving defendant. Such actions are quintessential examples of judicial acts. Therefore, the defendant judges are immune from this suit, "however erroneous the act[s] may have been." Ashelman, 793 F.2d at 1075. Plaintiff's proper course of action to redress any alleged erroneous rulings by the defendant judges was to address those rulings in state court. In sum, plaintiff's claims against Judge Guiliani and Judge Northup should be dismissed without leave to amend.

Next, plaintiff named defendant District Attorney Stacey Derman. The United States

3

1    Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the

2    prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S.

3    409, 431 (1976). Such absolute immunity applies "even if it leaves 'the genuinely wronged

4    defendant without civil redress against a prosecutor whose malicious and dishonest action

5    deprives him of liberty.'" Ashelman, 793 F.2d at 1075 (quoting Imbler, 424 U.S. at 427). Thus,

6    Derman is immune from suit and plaintiff's claims against her should be dismissed without leave

7    to amend.

8         Finally, regarding San Joaquin County Public Defender Christina Martinez, "[t]o state a

9    claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and

10   laws of the United States, and must show that the alleged deprivation was committed by a person

11   acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A]

12   public defender does not act under color of state law when performing a lawyer's traditional

13   functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S.

14   312, 325 (1981). Because plaintiff's allegations appear to pertain to Christina Martinez acting in

15   her capacity as an attorney during the course of her criminal proceedings, assuming she was

16   plaintiff's assigned public defender, she was not acting under color of state law. This means that

17   plaintiff cannot bring a claim against her under § 1983. In fact, there is no claim specifically

18   addressing Christina Martinez in plaintiff's complaint beyond his assertion that she "violated [his]

19   constitutional rights." (See ECF No. 1 at 1.) Furthermore, any potential claims for legal

20   malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662

21   F.2d 1337, 1344 (9th Cir. 1981). Plaintiff therefore cannot maintain an action against Christina

22   Martinez and his claims against her should be dismissed without leave to amend.

23   III.     Leave to Amend Futile

24        If the court finds that a complaint should be dismissed for failure to state a claim, the court

25   has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–

26   30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the

27   defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130–31; see

28   also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given

leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1105–06 (affirming dismissal and finding the plaintiff's "theories of liability either fall outside the limited waiver of sovereign immunity by the United States, or otherwise are not within the jurisdiction of the federal courts").

The undersigned finds that, as set forth above, defendants Judge Guiliani, Judge Ronald Northup, District Attorney Stacy Derman, and San Joaquin County Public Defender Christina Martinez are immune from liability and the complaint does not identify a waiver of immunity. As it appears amendment would be futile, the undersigned recommends that this action be dismissed as to these four defendants without leave to amend.

IV.  <u>Conclusion</u>

It is HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

Additionally, it is HEREBY RECOMMENDED that:

1.  Plaintiff's complaint be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:

Dated:  January 23, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16 bledsoe2553.ifp.nolto

5