UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL BLEDSOE,<br><br>          Plaintiff,<br><br>     v.<br><br>JUDGE GIULIANI, et al.,<br><br>          Defendants. | No. 2:19-cv-02553-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on remand from the Ninth Circuit regarding Plaintiff Donnell Bledsoe's ("Plaintiff") April 20, 2020 Objections to the Findings and Recommendations (ECF No. 6), in which he alleges he did not receive notice of the Order and Findings and Recommendations issued by the U.S. Magistrate Judge (ECF No. 3). (*See* ECF No. 11.) Construing Plaintiff's Notice of Appeal as a Federal Rule of Appellate Procedure 4(a)(4) motion to toll the time to file a notice of appeal from this Court's April 8, 2020 judgment, the Ninth Circuit stayed proceedings in the pending appeal and remanded the matter to this Court for the limited purpose of determining whether Plaintiff's April 20, 2020 filing (ECF No. 6) constitutes one of the motions listed under Federal Rule of Appellate Procedure 4(a)(4). (*See id.* (citing *Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.*, 19 F.3d 444, 445 (9th Cir. 1994)).) After carefully considering the Ninth Circuit's instructions and Plaintiff's arguments, the Court construes Plaintiff's April 20, 2020 filing as a Motion for Reconsideration under Federal Rule of

1

Civil Procedure 59(e) and DENIES Plaintiff's Motion.  (ECF No. 6.)

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an individual proceeding *pro se*, initiated this civil rights action on December 18, 2019 pursuant to 28 U.S.C. § 1983.  (ECF No. 1.)  On January 23, 2020, the magistrate judge issued an Order and Findings and Recommendations, granting Plaintiff's request to proceed *in forma pauperis* and recommending Plaintiff's claims against Defendants San Joaquin County Superior Court Judges Guiliani and Ronald Northrup ("state court judges"), District Attorney Stacey Derman ("Derman"), and Public Defender Christina Martinez ("Martinez") (collectively, "Defendants") be dismissed without leave to amend.  (*See* ECF No. 3.)  All parties were given fourteen days after being served with the Findings and Recommendations to file written objections with the Court and were advised that failure to file objections within the specified time may waive the right to appeal the Court's order.  (*Id.* at 5.)

On April 8, 2020, the Court adopted the Findings and Recommendations in full and dismissed the action.  (ECF No. 4.)  On the same day, the Clerk of the Court entered judgment and served the Order of Dismissal and Judgment on Plaintiff.  (ECF No. 5; *see* docket, No. 2:19-cv-02553-TLN-CKD.)  On April 20, 2020, Plaintiff filed Objections to the Findings and Recommendations, primarily objecting to the finding of judicial immunity and asserting that he did not receive notice of the January 23, 2020 Order and Findings and Recommendations and only just received notice of the April 8, 2020 Judgment.  (ECF No. 6.)  On August 24, 2020, Plaintiff filed his Notice of Appeal.  (ECF No. 7.)  On October 6, 2020, the Ninth Circuit stayed the proceedings on appeal, pending this Court's ruling on Plaintiff's April 20, 2020 filing.  (ECF No. 11.)

### II. STANDARD OF LAW

#### A. Federal Rule of Appellate Procedure 4(a)(4)

Federal Rule of Appellate Procedure 4(a)(4) provides that if a party files in the district court a specified motion within the time allowed by the Federal Rules of Civil Procedure ("Rules" or "Rule"), "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."  Fed. R. App. P. 4(a)(4).  Two of these specified motions include

1  a motion to alter or amend the judgment under Rule 59 and a motion for relief under Rule 60 if
2  the motion is filed no later than 28 days after the judgment is entered.  Fed. R. App. P.
3  4(a)(4)(A)(v)–(vi).  Here, the Court construes Plaintiff's April 20, 2020 filing as a Motion for
4  Reconsideration, thus triggering Federal Rule of Appellate Procedure 4(a)(4).

###    B.    Federal Rules of Civil Procedure 59(e) and 60(b)

6  The Court may grant reconsideration under either Rule 59(e) or 60(b).  *See Schroeder v.*
7  *McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion to alter or amend a judgment under
8  Rule 59(e) must be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).
9  Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under
10 Rule 59(e) if it is filed within 28 days of entry of judgment.  *Rishor v. Ferguson*, 822 F.3d 482,
11 489–90 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d
12 892, 898–99 (9th Cir. 2001).  Otherwise, it is treated as a Rule 60(b) motion for relief from
13 judgment or order.  *Id.*  Here, Plaintiff's later-filed Objections to the January 23, 2020 Order and
14 Findings and Recommendations was filed within 28 days of entry of Judgment and is therefore
15 construed as a Motion to Alter or Amend the Judgment under Rule 59(e).  (*See* ECF No. 6);
16 *Houston v. Lack*, 487 U.S. 266, 274 (1988) (under the "prison mailbox rule," a court document is
17 deemed filed as of the date the prisoner delivers it to prison officials to be mailed to the court).
18 Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the
19 district court enjoys considerable discretion in granting or denying the motion.  *Allstate Ins. Co. v.*
20 *Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255
21 n.1 (9th Cir. 1999)).  "In general, there are four basic grounds upon which a Rule 59(e) motion
22 may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon
23 which the judgment rests; (2) if such motion is necessary to present newly discovered or
24 previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or
25 (4) if the amendment is justified by an intervening change in controlling law."  *Id*.
26 Reconsideration "should not be granted, absent highly unusual circumstances, unless the district
27 court is presented with newly discovered evidence, committed *clear error*, or if there is an
28 intervening change in the controlling law."  *McDowell*, 197 F.3d at 1255 (emphasis in original).

1    Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be
2    used sparingly." *Id.* at 1255 n.1.  Further, "[a] motion for reconsideration may *not* be used to
3    raise arguments or present evidence for the first time when they could reasonably have been
4    raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571
5    F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

### III.    ANALYSIS

In moving for reconsideration, Plaintiff argues he did not receive notice of the January 23, 2020 Order and Findings and Recommendations until nearly four months after they were issued. (ECF No. 6 at 2.)  Plaintiff further asserts judges can be sued for judicial misconduct, which "occurs when a judge acts in a way that [is] considered unet[h]ical or otherwise violates the judge[']s obligations of impartial conduct." (*Id.* at 4.)  Plaintiff contends "[a]ll Defendants listed on this complaint violated their et[h]ical duties resulting in judicial misconduct." (*Id.* at 7.)  The Findings and Recommendations found that Plaintiff sought "monetary relief from both state court judges for actions taken within their jurisdiction—handling a family court matter and criminal matter . . . [which] are quintessential examples of judicial acts." (ECF No. 3 at 3.)  The state court judges were therefore deemed immune from suit. (*Id.*)  Derman was found immune from suit under the absolute immunity that applies to prosecutors. (*Id.* at 3–4.)  Martinez, as a public defender, was found to "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," such that Plaintiff could not state a claim against her under 28 U.S.C. § 1983. (*Id.* at 4.)

The Court notes Plaintiff's Motion fails because he provides no relevant controlling authority in support of his contentions.  Instead, Plaintiff cites a law review article on judicial misconduct, an online article about judicial misconduct among Louisiana state court judges, and a variety of specific instances of judicial misconduct, none of which are related to the instant matter.  This is insufficient to satisfy the "newly discovered evidence," "clear error" by the district court, or "intervening change in the controlling law" requirements necessary to grant reconsideration.  *McDowell*, 197 F.3d at 1255.  Accordingly, the Court finds circumstances do not

///

4

warrant reconsideration under Rule 59(e).  Fed. R. Civ. P. 59(e); *Allstate Ins. Co.*, 634 F.3d at 1111.

**IV.    CONCLUSION**

In light of the foregoing, Plaintiff's April 20, 2020 filing, construed as a Motion for Reconsideration, is DENIED.  (ECF No. 6.)  In accordance with the Ninth Circuit's October 6, 2020 Order (ECF No. 11), the Clerk of the Court is directed to serve a copy of this Order on the Ninth Circuit.

IT IS SO ORDERED.

DATED:  March 19, 2021

Troy L. Nunley
United States District Judge